IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL R. LEMUS,<br><br>        Petitioner,<br><br>    v.<br><br>GLEN PRATT,<br><br>        Respondent. | No. 2:23-CV-01968-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, who is proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss, ECF No. 18. Respondent has lodged relevant state court records in support of the motion, ECF No. 20. Petitioner has not filed an opposition.

## I. BACKGROUND

Petitioner was convicted in the Butte County Superior Court of evading an officer against traffic and assault with a deadly weapon on a peace officer or firefighter. See ECF No. 20-1. On March 2, 2022, Petitioner was sentenced to a determinate state prison term of eleven years and four months. See id. On May 1, 2023, Petitioner's conviction and sentence were affirmed on direct appeal by the California Court of Appeal. See ECF No. 20-2. The California Supreme Court denied review on July 12, 2023. See ECF No. 20-4.

1

This action proceeds on Petitioner's second amended petition, filed on November 16, 2023. See ECF No. 10. Petitioner asserts the following grounds for habeas relief:

| | | |
|---|---|---|
| Ground One | | Conviction obtained by use of coerced confession. |
| | | Sheriffs falsified police report lied at trial, made up false Charges. CAD log and video show I did not do what they Say I did. |
| Ground Two | | Conviction obtained by the unconstitutional failure of Prosecution to disclose the defendant evidence, favorable to defendant. |
| | | CAD log will show I never assaulted any police officer. CAD log shows I was never on that road or near any patrol Car. Video will show I never drove towards traffic cars Were already pulled over. Due to police car lights and Sirens. There was so much smoke I could not see car. Accidentally went to the left a little before I stuck my hole Body out of car to see. |
| Ground Three | | Ineffective of assistance of counsel. |
| | | I told my counsel about the false charges that cops were Lying and did nothing about if we fought and he told me he Wasn't going to help me that he didn't care if I went to Prison he told the jury I was guilty. |
| Ground Four | | Conviction obtained by action of a ground on petit jury Which is unconstitutionally selected and impaneled. |
| | | Jury even after hearing that they falsified police reports and Lied at trial. Attorney told them about me not being on the Road where they said I tried ramming police car CAD log GPS showed I never crossed path with any police car. Made up charge. |

See ECF No. 10, at 1-6 (errors in original).

///
///
///
///
///
///
///
///

## II. DISCUSSION

In the unopposed motion, Respondent argues that this action must be dismissed because all the claims asserted are unexhausted. See ECF No. 18. For the reasons discussed below, the Court agrees.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.

///

///

1         In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by reading a lower court opinion in the case. See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

        Respondent Glen Pratt, moves to dismiss Petitioner's second amended petition because "Petitioner did not argue in his review petition the same claims he raised in his second amended federal petition." See ECF No. 18, pg. 2. As reflected in the state court records lodged in support of Respondent's unopposed motion to dismiss, while Petitioner filed a petition for review in the California Supreme Court, Petitioner did not present any of his currently claimed grounds for federal relief. See ECF No. 20-3. Petitioner raised the following claims to the California Supreme Court: (1) Petitioner's Sixth Amendment right to present a defense was violated when trial counsel overrode Petitioner's wish to plead not guilty by reason of insanity; (2) the trial court committed error by denying Petitioner's motion to relieve defense counsel; and (3) cumulative error. See id. Petitioner's current federal claims were not raised in the California Supreme Court. Because Petitioner's claims are unexhausted and Petitioner has not sought a stay, Respondent's motion to dismiss should be granted.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Respondent's unopposed motion to dismiss, ECF No. 18, be GRANTED.

2. Petitioner's motion for clarification, ECF No. 15, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 15, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5