1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL R. LEMUS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GLEN PRATT,<br><br>　　　　　Respondent. | No.  2:23-cv-01968-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING UNOPPOSED MOTION TO DISMISS HABEAS PETITION<br><br>(Doc. Nos. 15, 18, 25) |

　　　　Petitioner Raul R. Lemus is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2554.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

　　　　On April 15, 2024, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 18) be granted due to petitioner's failure to exhaust his claims by first presenting them to the highest state court prior to seeking federal habeas relief.  (Doc. No. 25.)  Specifically, petitioner asserts four grounds for habeas relief in this action, but none of those claims were raised in petitioner's direct appeal of his conviction, which was affirmed by the California Court of Appeal and as to which the California Supreme Court denied review.  (*Id.* at 1–4.)  Petitioner also did not raise any of those claims in any post-conviction proceedings in state court; indeed, as respondent notes in his motion to dismiss, petitioner did not file any post-conviction collateral actions.  (Doc. No. 18 at 3.)  Those

1

1    findings and recommendations were served on all parties and contained notice that any objections
2    thereto were to be filed within fourteen (14) days from the date of service.  (*Id*. at 5.)  On April
3    22, 2024, April 26, 2024, and May 7, 2024, petitioner filed "notices" on the docket in this action,
4    which the court will construe as objections to the pending findings and recommendations.  (Doc.
5    Nos. 26–28.)  Respondent did not file any responses thereto or objections of his own.

6         In his objections, petitioner largely reasserts his arguments on the merits of his claims,
7    including that he is innocent and that the police officers who testified against him in the
8    underlying criminal proceeding in state court had lied during his trial.  (*Id.*)  Petitioner also asserts
9    that his appellate counsel decided not to raise these claims in the petition for review filed on his
10   behalf with the California Supreme Court, and petitioner attaches as an exhibit a copy of the letter
11   he received from his appellate counsel explaining the reasoning behind this decision.  (Doc. No.
12   26.)  Thus, petitioner effectively concedes that he did not exhaust his pending claims by first
13   presenting them to the highest state court prior to seeking federal habeas relief.  Petitioner's
14   objections, therefore, do not provide any basis upon which to reject the pending findings and
15   recommendations.

16        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
17   *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's
18   objections, the court concludes that the findings and recommendations are supported by the
19   record and proper analysis.

20        In addition, having concluded that the pending petition must be dismissed, the court also
21   declines to issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no
22   absolute right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253;
23   *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the
24   court may only issue a certificate of appealability when a petitioner makes a substantial showing
25   of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies
26   habeas relief on procedural grounds without reaching the underlying constitutional claims, the
27   court should issue a certificate of appealability "if jurists of reason would find it debatable
28   whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on April 15, 2024 (Doc. No. 25) are adopted in full;

2. Respondent's motion to dismiss (Doc. No. 18) is granted;

3. The petition for writ of habeas corpus is dismissed without prejudice due to petitioner's failure to exhaust his claims in state court prior to seeking federal habeas relief;

4. The court declines to issue a certificate of appealability;

5. Petitioner's pending motion for clarification (Doc. No. 15) is denied as having been rendered moot by this order; and

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 12, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE